# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:18-cr-4 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| RICHARD T. ALLEN, JR. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Richard T. Allen, Jr.'s motion to dismiss the indictment for violation of the Speedy Trial Act and the Sixth Amendment (Doc. 96). There is no dispute that the Government has violated Defendant's protections under the Speedy Trial Act (Doc. 100, at 1), and Defendant's motion (Doc. 96) will be **GRANTED**. For the following reasons, the indictment will be **DISMISSED WITHOUT PREJUDICE**.

## I.    PROCEDURAL HISTORY

On January 23, 2018, a grand jury indicted Defendant on one count of conspiracy to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(C). (Doc. 1.) On March 12, 2018, Defendant filed a motion to continue the deadlines and trial date. (Doc. 19.) On March 26, 2018, the Court granted Defendant's motion. (Doc. 24.) On May 22, 2018, the grand jury returned a three-count superseding indictment charging the defendant with a conspiracy to distribute and two

substantive distribution-related offenses. (Doc. 31.) On July 30, 2018, one week before the trial was set to begin, Defendant filed a motion to continue the trial date. (Doc. 57.)

On August 1, 2018, the United States filed a plea agreement signed by Defendant and his attorney, leading the Court to cancel Defendant's trial date and set Defendant's rearraignment for August 14, 2018. (Docs. 60–63.) But, on August 14, 2018, Defendant did not proceed with his guilty plea and instead moved the Court to appoint him new counsel. (Docs. 66, 70.) On August 17, 2018, Defendant's attorney moved to withdraw. (Doc. 69.) United States Magistrate Judge Christopher H. Steger held a hearing on August 22, 2018, and, on September 5, 2018, allowed Defendant's previous attorney to withdraw and appointed Defendant's current counsel. (Docs. 73, 79.)

On November 6, 2018, Defendant filed a motion to suppress, and Magistrate Judge Steger set a hearing on the motion for January 9, 2019. (Docs. 81, 83.) On December 28, 2019, Defendant filed an amended motion to suppress (Doc. 84), so the hearing was reset for February 6, 2019. (Doc. 85.) Defendant was accidentally not brought to the hearing on February 6, 2019, so the hearing was rescheduled and held on February 12, 2019. (Docs. 89, 90.) After the suppression hearing, Defendant moved to extend the time to file a post-hearing brief on February 21, 2019, which the Court granted. (Docs. 92, 94.)

On July 3, 2019, Defendant filed the instant motion to dismiss indictment for violation of the Speedy Trial Act. (Doc. 96.) On July 11, 2019, Magistrate Judge Steger issued his report and recommendation that the Court deny Defendant's amended motion to suppress. (Doc. 98.) No timely objections were filed, and the undersigned accepted and adopted Magistrate Judge Steger's report and recommendation and denied Defendant's amended motion to suppress. (Doc. 102.) On July 26, 2019, the Government responded to Defendant's motion to dismiss, agreeing

that it had violated Defendant's rights under the Speedy Trial Act but denying that it has violated Defendant's Sixth-Amendment rights. The Government requested that the Court dismiss the indictment without prejudice. (Doc. 100, at 1.) Defendant's motion to dismiss is now ripe for the Court's review.

II. ANALYSIS

A. The Speedy Trial Act

The Speedy Trial Act requires that the trial of a defendant charged in an information or indictment "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The statute also sets forth periods of delay to "be excluded in computing the time within which . . . the trial of any such offense must commence." *Id.* § 3161(h).

"[I]f a meritorious and timely motion to dismiss [based on a Speedy Trial Act violation] is filed, the district court must dismiss the charges, though it may choose whether to dismiss with or without prejudice." *Zedner v. United States*, 547 U.S. 489, 499 (2006). To make this determination, the Court considers the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *e.g.*, *United States v. Turner*, 602 F.3d 778, 786 (6th Cir. 2010). The Court must balance these factors, and there is no presumption regarding whether dismissal should be with or without prejudice. *United States v. Gross*, 432 F. App'x 490, 493 (6th Cir. 2011).

Defendant and the Government agree that Defendant's rights under the Speedy Trial Act have been violated, and that, as of the date Defendant filed his motion to dismiss, 247 non-

excludable days had passed since Defendant's original indictment. (Doc. 96, at 2; Doc. 97, at 3; Doc. 100, at 1, 5.) Thus, the indictment must be dismissed.

To determine whether dismissal should be with or without prejudice, the Court considers the three factors listed in 18 U.S.C. § 3162(a)(1). First, the offense at issue is a serious one. In the Sixth Circuit, drug offenses are "categorically labeled . . . as serious." *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000); *see also United States v. Ewing*, 1994 WL 577055, at *2 (6th Cir. Oct. 18, 1994) ("Felony drug charges . . . are generally treated as serious offenses."). Furthermore, in this case, the charged offense is typically subject to a twenty-year statutory maximum, 21 U.S.C. § 841(b)(1)(C); however, Defendant may be subject to an enhanced sentence under the Armed Career Criminal Act, which imposes a fifteen-year mandatory-minimum sentence. (Doc. 100, at 6.) Therefore, the seriousness of the offense favors dismissal without prejudice.

In evaluating the second factor, the facts and circumstances surrounding the delay, courts consider whether the delays were caused by bad faith, prosecutorial misconduct, or a pattern of negligence on the part of the Government. *See United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004). Where there is no affirmative misconduct by either party, whether this second factor authorizes dismissal with or without prejudice is within a court's discretion. *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994); *see, e.g.*, *United States v. Ashmore*, No. 11–94, 2012 WL 946634, at *2 (E.D. Tenn. Mar. 1, 2012) (finding this factor supported dismissal without prejudice because case simply "fell through the cracks," and there was no pattern of negligence), *report and recommendation adopted*, 2012 WL 947388 (E.D. Tenn. Mar. 20, 2012). "[A]dequately consider[ing]" this factor requires "a proper evaluation of the roles each party and the court played in causing the delay[.]" *Moss*, 217 F.3d at 431.

In this case, nothing in the record suggests bad faith, prosecutorial misconduct, or a pattern of negligence on the part of the Government. Sixty-three days of non-excludable time passed after the Government charged Defendant with a superseding indictment. (Doc. 31.) Although this expiration of time is attributable to the Government's decision, there is no suggestion that the superseding indictment resulted from gamesmanship. Two of the delays in this case were coincident with Defendant's exercise of his rights. A sixty-two-day delay occurred from September 5, 2018 to November 6, 2018 after Defendant's first attorney withdrew and his second attorney was appointed. (Docs. 79–80.) At that time, Defendant had already signed a plea agreement but had not proceeded with his rearraignment. Thus, it was unclear whether, after consulting with his new attorney, Defendant would proceed with a guilty plea or to trial. Defendant then filed a motion to suppress and later amended that motion. (Docs. 81, 84.) The longest period of delay, lasting eighty-two non-excludable days, occurred between the hearing on the amended motion to suppress and the Court's disposition of that motion. (*See* Docs. 90, 95, 98, 102.) Although this delay is regrettable, the reality of the Court's docket is that motions are sometimes resolved less promptly than in an ideal world. The Court finds that this factor also counsels in favor of dismissal without prejudice.

The third factor, the impact of a reprosecution on the administration of justice, requires courts to consider "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Gross*, 432 F. App'x at 494 (internal quotation marks and citation omitted); *see also United States v. Kottmyer*, 961 F.2d 569, 573 (6th Cir. 1992). When considering prejudice to a defendant, district courts in the Sixth Circuit are required to consider the impact of a reprosecution on a defendant's liberty, "wholly aside from possible prejudice to a

5

defense on the merits." *United States v. Taylor*, 487 U.S. 326, 334 (1988); *Moss*, 217 F.3d at 432 (explaining that the district court should have considered the defendant's "incarceration and its impact on his life circumstances"). "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Taylor*, 487 U.S. at 340.

Because the Government's fault in the delay was minimal, as explained above, dismissal with prejudice is not necessary to ensure compliance with the Act. Defendant's showing of actual prejudice is limited to the length of the delay. (Doc. 97, at 3–4.) He does not claim, for example, that "that any of [Defendant's] witnesses died or otherwise became unavailable owing to the delay." *Barker v. Wingo*, 407 U.S. 514, 534 (1972). Defendant has been in custody for about eight months of non-excludable time, and the Court recognizes that he has suffered some prejudice in terms of the restrictions on his liberty. Therefore, this factor weighs slightly in favor of a dismissal with prejudice. However, the other two factors weigh in favor of dismissal without prejudice. On the whole, a consideration of the factors set out in § 3162(a)(2) militates in favor of dismissal without prejudice.

**A. The Sixth Amendment**

Defendant also argues that the Government has violated his Sixth Amendment right to a speedy trial. (Doc. 97, at 1.) The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Unlike a violation of the Speedy Trial Act, a dismissal for a speedy-trial violation under the Sixth Amendment must be with prejudice. *See United States v. Sutton*, 862 F.3d 547, 554 (6th Cir. 2017).

6

To determine whether there has been a Sixth Amendment violation, the Court must balance four factors: "(1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result." *Wilson v. Mitchell*, 250 F.3d 388, 394 (6th Cir. 2001) (internal quotation marks omitted) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)).

"The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) (citing *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003)). The "delay" at issue under the Sixth Amendment is the "the delay that ensued between indictment and trial." *United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007). Any delay that approaches one year is so "uncommonly long" that it is presumptively prejudicial. *Id.* (citation omitted); *Schreane*, 331 F.3d at 553. Defendant was indicted on January 23, 2018 and has not yet proceeded to trial. Accordingly, the delay at issue is presumptively prejudicial. This factor supports a finding of a Sixth Amendment violation.

Second, the Court examines the reasons for the delay. This factor is primarily concerned with whether the Government or the criminal defendant "is more to blame" for the delay. *Doggett*, 505 U.S. at 651. In the instant case, there is no allegation that the Government acted in bad faith or was motivated by gamesmanship. The procedural history of this case includes multiple motions to continue filed by Defendant, a motion to withdraw by Defendant's first counsel, a motion to suppress, and an amended motion to suppress. "When a party makes motions, it cannot use the delay caused by those motions as a basis for a speedy-trial claim" under the Sixth Amendment. *United States v. Young*, 657 F.3d 408, 415 (6th Cir. 2011).

7

Accordingly, this factor militates against a finding that there has been a Sixth Amendment violation.

Third, the Court examines whether and how the defendant has asserted his speedy-trial right. Here, Defendant has asserted his speedy-trial right, and this assertion is typically "entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531–32. Defendant's assertion, however, "must be viewed in the light of [Defendant's] other conduct." *United States v. Loud Hawk*, 474 U.S. 302, 314–15 (1986). Because Defendant's time in pre-trial custody has been prolonged due to several of his own pre-trial choices, his assertion of a speedy-trial right rings hollow. Defendant's time in custody was extended by almost nine months due to Defendant's effort to fully litigate his motion to suppress. Delays in this case have been chiefly associated with, and have occurred as a result of, actions necessary to fully litigate issues Defendant rightly raised and pressed. "Viewed as a whole, [Defendant's] track record does not evince a strong or consistent concern with his Sixth Amendment rights." *United States v. Baugh*, 605 F. App'x 488, 492 (6th Cir. 2015). Thus, at best, this factor is neutral.

Finally, the Court considers prejudice to the defendant caused by the delay. The Supreme Court has explained that courts must assess prejudice in light of the specific interests of defendants that "the speedy trial right was designed to protect": (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532. The third interest carries the most weight "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* In the Sixth Circuit, when the Government prosecutes a case "with reasonable diligence, a defendant who cannot demonstrate how his

defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay." *Young*, 657 F.3d at 418 (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (emphasis in original)). Moreover, the "specific prejudice must be 'substantial prejudice' for a defendant to prevail on a speedy-trial claim." *Id.*

Defendant has offered no evidence of specific prejudice, such as the death of witnesses, loss of records, or other barriers to trial preparation resulting from the delay. (*See generally* Doc. 96.) In sum, Defendant has not shown he has suffered substantial prejudice resulting from the delay.

Although the delay between Defendant's indictment and any trial exceeds one and a half years, a balancing of all four factors establishes that the delay in this case is not a Sixth Amendment violation. *See, e.g.*, *United States v. Bass*, 460 F.3d 830, 837–38 (6th Cir. 2006) ("Although the delay of six years was presumptively prejudicial, . . . 'presumptive prejudice cannot alone carry a Sixth Amendment claim,' but rather must be considered in the context of the other factors, particularly the reason for the delay."). Defendant was, therefore, not deprived of his right to a speedy trial under the Sixth Amendment.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment for violation of the Speedy Trial Act (Doc. 96) is **GRANTED**. The Court **DISMISSES** the indictment **WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**